# United States District Court
## WESTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| UNITED STATES OF AMERICA<br>v.<br>**GUADALUPE ALCAUTER** | **ORDER OF DETENTION PENDING REVOCATION HEARING**<br>Case Number: **1:04-CR-55** |

In accordance with the Bail Reform Act, 18 U.S.C. §3142(f), a detention hearing has been held. I conclude that the following facts require the detention of the defendant pending revocation hearing in this case.

### Part I – Findings of Fact

☐ (1) The defendant is charged with an offense described in 18 U.S.C. §3142(f)(1) and has been convicted of a (federal offense) (state or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed) that is

  ☐ a crime of violence as defined in 18 U.S.C. §3156(a)(4).
  ☐ an offense for which the maximum sentence is life imprisonment or death.
  ☐ an offense for which the maximum term of imprisonment of ten years or more is prescribed in _____

  ☐ a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C. §3142(f)(1)(A)-(C), or comparable state or local offenses.

☐ (2) The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state or local offense.

☐ (3) A period of not more than five years has elapsed since the (date of conviction) (release of the defendant from imprisonment) for the offense described in finding (1).

☐ (4) Findings Nos. (1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of (an)other person(s) and the community. I further find that the defendant has not rebutted this presumption.

### Alternate Findings (A)

☐ (1) There is probable cause to believe that the defendant has committed an offense

  ☐ for which a maximum term of imprisonment of ten years or more is prescribed in _____
  ☐ under 18 U.S.C. §924(c).

☐ (2) The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

### Alternate Findings (B)

☒ (1) There is a serious risk that the defendant will not appear.
☐ (2) There is a serious risk that the defendant will endanger the safety of another person or the community.

Defendant was initially sentenced to 37 months' custody with 4 years of supervised release for possessing 500 grams or more of cocaine with the intent to distribute it. Supervised release was revoked in July 2007 and defendant was sentenced to 12 months' custody with 48 months of supervised release to follow, for the use of drugs and the failure to attend treatment and follow instructions.
(continued on attachment)

### Part II – Written Statement of Reasons for Detention

Defendant has failed to show by clear and convincing evidence that there are conditions that will assure his presence in court or that he is a person who will abide by the supervision of this court while on bond in light of his repeated failure to abide by supervised release to-date. Defendant appears to be a savvy individual who will "do his time" but is not particularly amenable to supervision.

### Part III – Directions Regarding Detention

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

| | |
|---|---|
| Dated: May 26, 2011 | /s/ Hugh W. Brenneman, Jr. |
| | *Signature of Judicial Officer* |
| | Hugh W. Brenneman, Jr., United States Magistrate Judge |
| | *Name and Title of Judicial Officer* |

*Insert as applicable: (a) Controlled Substances Act (21 U.S.C. §801 et seq.); (b) Controlled Substances Import and Export Act (21 U.S.C. §951 et seq.); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. §955a).

UNITED STATES v. GUADALUPE ALCAUTER
1:04-CR-55
ORDER OF DETENTION PENDING REVOCATION HEARING
Page 2.

**Alternate Findings (B) - (continued)**

Two and a half years later, supervised release was again revoked and defendant was sentenced to 30 days custody, with 50 months of supervised release for, among other things, failing to report police contact and failing to complete a monthly supervision report. Defendant is now charged with violating the conditions of his supervised release by an unauthorized trip out of the district during which he was stopped by police in Berwyn, Illinois, and failed to report it. He allegedly also lied to the police officers, telling them he had permission to be in Chicago. Defendant also failed to report another police contact in Berrien County, Michigan. Defendant has family in Covert, Michigan, and employment in South Hagen, which will re-hire him either now or when he is subsequently released. However, it appears he plans to move to the Chicago area once he is no longer under the court's supervision. Defendant has expressly asked not to be placed in a halfway house.

**Part II - Written Statement of Reasons for Detention - (continued)**